# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MILTON JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO.  15-2674** |
| **HOWARD PRINCE, WARDEN** | **SECTION "C"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Milton Jackson, is incarcerated in the Elayn Hunt Correctional

Center in St. Gabriel, Louisiana.[2]  Jackson was indicted on June 13, 1996, by a Jefferson

Parish grand jury and charged with aggravated rape.[3]  The Louisiana Fifth Circuit Court

of Appeal summarized the facts determined at trial as follows:

> The testimony at trial established that the victim met and became
> friends with the defendant in April of 1996.  They were not involved
> sexually.  She testified that on May 20, 1996, defendant raped and beat her.
> She stated that at approximately 1:00 p.m. on that day, defendant picked
> her up at her father's house and, eventually, they went to the defendant's
> residence in Marrero.  When they entered the house, the defendant locked
> the door with a key.  The victim and the defendant then went into the
> bedroom where they normally watched television.  She said the defendant
> brought her some wine and that she drank a small amount of it.  Defendant
> then went into the living room and sat on the sofa to smoke a cigarette,
> while the victim stood in the doorway between the two rooms.  During the
> course of their conversation, defendant remarked that she liked to be in
> control.
>
> The victim testified that the defendant said that he wanted to talk, so
> she returned to the bedroom with him.  However, when she sat on the bed,
> the defendant shoved her back on the bed and lay on top of her.  The victim
> testified that she asked him to get off of her, but he refused, saying that it
> was "his turn to be in control."  She tried to push him away, but he pinned
> her arms over her head.  She stated that defendant threatened to kill her and
> throw her body in the Mississippi River.  He punched her in the chest.  He
> then ordered her to remove her pantyhose.  When she hesitated, defendant
> hit her with his fists and his belt.  When she still refused to comply,
> defendant struck her arms, legs, and stomach with his belt buckle.
> Ultimately, the victim obeyed the defendant.  After she removed her

---

[2]See Rec. Doc. No. 1 (naming warden of this facility as respondent).  A member of my staff also
contacted the Louisiana Department of Corrections and confirmed Jackson's current location.

[3]St. Rec. Vol. 2 of 6, Indictment, 6/13/96; Grand Jury Return, 6/13/96.

undergarments, defendant put on a condom, held her down and had sexual intercourse with her.

After it was over, the defendant brought the victim home. Remembering the defendant's threats, she worried about reporting the incident. The victim decided to telephone her sister, who, in turn, called their father and the police. Shortly thereafter, the victim's father arrived. He brought her to his home. Both he and the victim's sister testified that the victim was crying hysterically.

State v. Jackson, 746 So.2d 698 (La. App. 5th Cir. 1999); State Record Volume 1 of 6, Louisiana Fifth Circuit Opinion, 99-KA-401, pages 3-4, October 13, 1999.

Jackson was tried before a jury on May 26 through 28, 1998, and found guilty as charged.[4] On July 10, 1998, the state trial court denied Jackson's motion for a new trial,[5] and sentenced Jackson to life in prison at hard labor without benefit of parole, probation or suspension of sentence.[6]

Jackson's appointed appellate counsel filed a brief with the Louisiana Fifth Circuit which included a claim that the trial court sentenced Jackson before legal delays, a request for an errors patent review, a motion to withdraw as Jackson's counsel, and a statement indicating that counsel had found no non-frivolous appealable issue in

---

[4]St. Rec. Vol. 1 of 6, Trial Minutes, 5/26/28; St. Rec. Vol. 3 of 6, Jury Verdict Form, 5/28/98; St. Rec. Vol. 4 of 6, Transcript of Jury Selection, 5/26/98; St. Rec. Vol. 5 of 6, Transcript of Jury Selection (continued), 5/26/98; Trial Transcript, 5/27/98; St. Rec. Vol. 6 of 6, Trial Transcript (continued), 5/27/98.

[5]Jackson, 746 So.2d at 700; St. Rec. Vol. 1 of 6, 5th Cir. Opinion, 99-KA-401, p. 2, 10/13/99; St. Rec. Vol. 3 of 6, Motion for New Trial, 6/16/98.

[6]St. Rec. Vol. 3 of 6, Sentencing Minutes, 7/10/98; St. Rec. Vol. 6 of 6, Sentencing Transcript, 7/10/98.

connection with Jackson's conviction, all pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and related state case law.[7]  Based on the requests of counsel and Jackson, the Louisiana Fifth Circuit allowed Jackson's counsel to compare the trial transcript and the reporter's recordings to rule out discrepancies that Jackson alleged existed between the transcript and the actual trial testimony and defense objections.[8]  After the inquiry, the court concluded that the record was not defective.[9]  Although given the opportunity to do so, Jackson did not file a supplemental appeal brief on his own behalf.[10]

The Louisiana Fifth Circuit affirmed the conviction and sentence on October 13, 1999, finding no prejudice resulting from the premature sentencing because the life sentence was mandatory and no errors patent for its review.[11]  Jackson's conviction became final thirty (30) days later, on November 12, 1999, when he did not seek rehearing or file for review in the Louisiana Supreme Court.  <u>Butler v. Cain</u>, 533 F.3d 314 (5th Cir. 2008) (citing <u>Roberts v. Cockrell</u>, 319 F.3d 690, 694-95 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step

---

[7]St. Rec. Vol. 6 of 6, Appeal Brief, 99-KA-401, 5/7/99.

[8]St. Rec. Vol. 1 of 6, 5th Cir. Order, 99-KA-401, 8/11/99.

[9]St. Rec. Vol. 1 of 6, 5th Cir. Order, 99-KA-401, 8/25/99.

[10]<u>Jackson</u>, 746 So.2d at 703; St. Rec. Vol. 1 of 6, 5th Cir. Opinion, 99-KA-401, p. 10, 10/13/99; St. Rec. Vol. 1 of 6, 5th Cir. Order, 99-KA-401, 8/25/99.

[11]<u>Jackson</u>, 746 So.2d at 703-04; St. Rec. Vol. 1 of 6, 5th Cir. Opinion, 99-KA-401, pp. 11-12, 10/13/99.

in an appeal process)); see La. S. Ct. R. X, §5(a) (a writ application must be mailed or filed within thirty days of the issuance of the order being reviewed).

More than fourteen (14) years and six (6) months later, on June 6, 2014, Jackson through his counsel filed a motion to review the original transcript tapes of the testimony of the victim to again search for discrepancies.[12]  The state trial court ordered that a court reporter listen to the tapes to determine if there were any discrepancies between the tape recording and the prepared transcript.[13]  The court later denied the motion as repetitive on August 5, 2014.[14]  Jackson did not seek review of this ruling.

II.   FEDERAL HABEAS PETITION

On July 7, 2015, Jackson's counsel filed this petition for federal habeas corpus relief asserting that the trial transcript contained altered trial testimony of the victim[15] and seeking an order providing Jackson with access to the audio recordings of his trial.[16]

---

[12]St. Rec. Vol. 1 of 6, Motion to Review Original Transcript Tapes, 6/6/14.

[13]St. Rec. Vol. 1 of 6, Minute Entry, 7/8/14.

[14]St. Rec. Vol. 1 of 6, Minute Entry, 8/5/14.

[15]For the first time, Jackson submits an affidavit from his former attorney which was executed on September 26, 2014, and indicates that his recollection of the trial 15 years ago differs from that of the transcript.  This affidavit was executed months after the state trial court denied the last motion to review the transcript and fourteen years after completion of the appeal.  Because the affidavit has never been submitted to the state courts, it is not appropriate evidence before this court.  Cullen v. Pinholster, 563 U.S. 170, __, 131 S. Ct. 1388, 1400-01 (2011).

[16]Rec. Doc. No. 1.

The State filed a response in opposition to Jackson's petition asserting that Jackson failed to exhaust state court remedies, that his federal petition was not timely filed and that it fails to state a cognizable federal claim.[17]  Alternatively, the State argues that, even if the petition asserts a federal question, no habeas corpus relief is warranted.

III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[18] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).   The AEDPA therefore applies to Jackson's petition, which was filed by counsel on June 17, 2015.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).  The State has argued that Jackson failed to

---

[17]Rec. Doc. No. 9.

[18]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

exhaust state court review of his claims and that his federal petition was not timely filed. While both defenses are supported by the record, Jackson's clear and incontrovertible failure timely to file the instant petition is dispositive.[19]

Before discussing the limitations defense, I note as a threshold matter that Jackson's petition does not challenge the constitutional validity of his state court conviction or sentence or otherwise assert any sort of federal habeas corpus claim. Federal habeas corpus relief is only available to review a conviction or sentence "on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a) (emphasis added).

In this petition, Jackson argues that he is entitled to review the tape recordings of his state court trial, and he seeks an order from this court allowing him to do so.  This does not challenge his current custody or present a proper or cognizable federal habeas corpus claim.  In addition, as a general rule, a federal court does not have this type of mandamus authority over the state courts and its officers.  Accord In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, DeKalb County, 474 F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial

---

[19]Jackson's failure to exhaust requires little discussion.  Jackson concedes and the record confirms that he has not presented any of his arguments to or filed any writ applications with the Louisiana Supreme Court.  Review of the same federal habeas corpus issue by the state's highest court is required to establish state court exhaustion under federal law.  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) ("The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.") (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)) and Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).

Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 02-688, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); Norman v. La. Sup. Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.).

Jackson argues that he previously presented his request for access to the trial tapes in a prior Section 2254 habeas corpus petition in this federal court, which was dismissed with prejudice.[20] This assertion is factually incorrect. Jackson previously filed two pro se civil rights complaints pursuant to 42 U.S.C. § 1983 in this court, which were allotted C. A. Nos. 98-2149"R"(3) and 99-2269"R"(1). In those lawsuits, he urged substantive challenges to his state prosecution and conviction, including allegations that his trial transcript had been altered. In both cases, the Section 1983 claims were dismissed with prejudice for failure to name a suable defendant and as otherwise barred under Heck v. Humphrey, 512 U.S. 477 (1994).[21] To the extent that the complaints sought habeas corpus relief, the court dismissed them without prejudice for failure to exhaust state court remedies.[22] Jackson had no other relevant actions in this court until the filing of his current federal habeas corpus petition.

---

[20]Rec. Doc. No. 1, p. 8.

[21]Civ. Action No. 98-2149"R"(3), Doc. Nos. 2, 4, 5 (judgment issued 11/16/98); Civ. Action No. 99-2269"R"(1), Doc. Nos. 21, 27, 28 (judgment issued 8/10/00).

[22]Civ. Action No. 98-2149"R"(3), Doc. Nos. 2, 4, 5; Civ. Action No. 99-2269"R"(1), Doc. Nos. 21, 27, 28. His subsequent appeal in the 1999 case was dismissed as frivolous. Civ. Action No. 99-2269"R"(1), Doc. No. 30 (judgment issued 5/3/01).

Nevertheless, to whatever extent, if any, that Jackson's current petition, filed with the assistance of counsel, could conceivably be construed to assert a cognizable federal habeas corpus claim, the petition must be dismissed with prejudice because it was not timely filed.

IV.   STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition in most cases within one year of the date his conviction became final.[23]   Duncan v. Walker, 533 U.S. 167, 179-80 (2001).  Jackson's conviction was final on November 12, 1999,  when he failed to seek review of his direct appeal in the Louisiana Supreme Court.  Under a literal application of Section 2244, Jackson had one year from finality of his conviction, or until

---

[23]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

D.     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Monday, November 13, 2000,[24] to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Jackson asserts no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case. The record does not demonstrate the type of circumstances that might fit the restrictive boundaries of "exceptional circumstances"

---

[24]The 30th day was Saturday, November 11, 2000, leaving the last day of the period to fall to the next business day, Monday, November 13, 2000. Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

described in binding precedent.  See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

<u>Flanagan</u>, 154 F.3d at 199 n.1; <u>accord</u> <u>Brisbane v. Beshears</u>, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); <u>Gray v. Waters</u>, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though

13

filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

In this case, the one-year AEDPA statute of limitations commenced on November 13, 1999, the day after Jackson's conviction became final under federal law. The period continued to run uninterrupted from that date for one year, until Monday, November 13, 2000, when it expired. Jackson had no properly filed state application for post-conviction relief or other collateral review pending in any state court during that period of time.

To the extent Jackson's prior federal civil rights complaints under Section 1983 could be construed in part as petitions for habeas corpus relief, the filings did not provide Jackson any tolling benefit, even though they overlapped the pendency of his state appellate review or the start of the AEDPA one-year filing period. The United States Supreme Court has squarely held that an intervening, earlier federal habeas petition is not a state court proceeding and provides no tolling of the AEDPA statute of limitations

14

during its pendency. <u>Duncan</u>, 533 U.S. at 181-82 ("We hold that an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition. The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.")

I also am aware that Jackson's counsel suggests that he had one year from the state trial court's ruling on his 2014 motion to review the trial tapes to bring a federal petition. This argument is clearly erroneous. Nothing in the statutory provisions of the AEDPA or the clear holdings of the federal courts construing the AEDPA provides for an application for post-conviction review or other post-conviction motion to simply restart an expired statute of limitations period. As discussed above, Section 2244(d) is a tolling provision that does <u>not</u> create a new one-year term from the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1; <u>Duncan</u>, 533 U.S. at 175-178. The AEDPA one-year period was not renewed by and did not re-commence with the 2014 ruling on Jackson's motion to review the trial tapes.

As discussed by the State in its opposition response, Jackson's 2014 state court motion did not represent a new factual basis for his claim that his trial transcript was altered. Jackson asserted this same theory at the time of his state direct appeal when,

through his appointed appellate counsel, he moved the Louisiana Fifth Circuit for leave to review the tape recordings based on Jackson's contention that the transcript contained altered witness testimony and did not include certain defense objections.   Jackson, therefore, has not established that a new factual predicate existed under Section 2244(d) to restart the AEDPA one-year statute of limitations.

Jackson's federal petition was filed by counsel on July 17, 2015, which was fourteen (14) years and eight (8) months <u>after</u> the AEDPA's one-year statute of limitations expired on Monday, November 13, 2000.  It is therefore time-barred and must be dismissed with prejudice for that reason.

## <u>RECOMMENDATION</u>

For the foregoing reasons, it is **RECOMMENDED** that Jackson's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.   <u>Douglass v.</u>

<u>United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[25]

        New Orleans, Louisiana, this _____11th_____ day of December, 2015.


_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[25]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.